Stephanie Sheridan (CA 135910)
Meegan B. Brooks (CA 298570)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:628.600.2250
Facsimile: 628.221.5828
ssheridan@beneschlaw.com
mbrooks@beneschlaw.com

Attorneys for Defendant
Overdrive, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Beth Cone, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>Overdrive, Inc.,<br><br>Defendant. | Case No. 2:25-cv-1617<br><br>Assigned for all purposes to the Honorable Fernando L. Aenlle-Rocha<br><br>**OVERDRIVE, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: February 25, 2025<br>Hearing Date: September 26, 2025<br>Time: 1:30 p.m. |

Defendant Overdrive, Inc. ("Overdrive") requests that this Court take judicial notice, under Federal Rule of Evidence 201, of the following facts and documents in consideration of Overdrive's concurrently filed Memorandum of Points and Authorities in Support of its Motion to Dismiss the Class Action Complaint of Beth Cone ("Plaintiff"):

I. **Exhibit A**: Printable version of the webpage containing Google's Privacy Policy, effective September 24, 2024, located at https://www.gstatic.com/policies/privacy/pdf/20240916/pe84lsmf/google_privacy_policy_en_us.pdf.

II. **Exhibit B**: Printable version of the webpage titled "Safeguarding your data", located at https://support.google.com/analytics/answer/6004245?hl=en&visit_id=638852760633345583-22222276&p=privpol_data&rd=1.

III. **Exhibit C**: Printable version of the webpage containing Google's Product Privacy Guide, located at https://policies.google.com/technologies/product-privacy?hl=en-US.

IV. **Exhibit D**: Printable version of the webpage containing Meta's Terms of Service, effective January 1, 2025, located at https://mbasic.facebook.com/legal/terms/plain_text_terms/.

V. **Exhibit E**: Printable version of the webpage containing Meta's Privacy Policy, effective November 14, 2024, located at https://mbasic.facebook.com/privacy/policy/printable/.

VI. **Exhibit F**: Printable version of the webpage containing Meta's Privacy Policy, effective December 12, 2023, located at https://mbasic.facebook.com/privacy/policies/cookies/printable/.

VII. **Exhibit G:** Screen shots of the webpage www.overdrive.com, as of January 31, 2025, accessed via the Wayback Machine, located at https://web.archive.org/web/20250131224030/https://www.overdrive.com/.

VIII. **Exhibit H:** Screen shots of the webpage www.overdrive.com/policies, as of

January 29, 2025, accessed via the Wayback Machine, located at https://web.archive.org/web/20250202004812/https://www.overdrive.com/policies.

IX. **Exhibit I:** Printable version of www.overdrive.com/policies/privacy-policy, the webpage containing OverDrive's Privacy Policy, as of January 29, 2025, accessed via the Wayback Machine, located at https://web.archive.org/web/20250202004221/https://www.overdrive.com/policies/privacy-policy.

X. **Exhibit J:** Printable version of the webpage www.overdrive.com/policies/cookie-policy, the Webpage containing OverDrive's Cookies Policy, as of January 29, 2025, accessed via the Wayback Machine, located at https://web.archive.org/web/20250129022945/www.overdrive.com/policies/cookie-policy.

Judicial notice is appropriate for adjudicative facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). **Exhibits A through J** are pages from publicly available websites. Moreover, the URLs where these websites are maintained and the date accessed are readily apparent and sworn to as accurate in the concurrently filed Declaration of Meegan B. Brooks ("Brooks Declaration"). Exhibits A through H are attached to the Brooks Declaration. Each URL referenced in the Brooks Declaration was accessed on June 11, 2025, by attorneys at Benesch, Friedlander, Coplan & Aronoff, LLP, in support of OverDrive's Motion to Dismiss Plaintiff's Class Action Complaint. The generally accepted rule is that "publicly accessible websites" are "proper subjects of judicial notice when ruling on a motion to dismiss." *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014); *Caldwell v. Caldwell*, No. C 05-4166 PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006) (same). *See also Tompkins v. 23andMe,*

*Inc*., No. 5:13-CV-05682-LHK, 2014 WL 2903752, at *1 n.1 (N.D. Cal. June 25, 2014) (taking judicial notice of a website version from the Internet Archive). Thus, the Court can and should take judicial notice of these websites because they are publicly accessible and are accurately and readily determined by using well-known, reliable web browsers.

Further, this Court has noted in numerous cases like *Yuksel v. Twitter, Inc*. and *Zhang v. Twitter Inc*., that courts within the Ninth Circuit routinely take judicial notice—within the context of a Rule 12(b)(6) motion to dismiss—of content from the Internet Archive's Wayback Machine. *Yuksel*, No. 22-CV-05415-TSH, 2022 WL 16748612, at *3 (N.D. Cal. Nov. 7, 2022); *Zhang*, No. 23-CV-00980-JSC, 2023 WL 5493823, at *3 (N.D. Cal. Aug. 23, 2023) (citing *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 829 (N.D. Cal. 2019); *see also Wang v. Zymergen Inc*., No. 21-CV-06028-PCP, 2024 WL 3811844, at *5 (N.D. Cal. Aug. 14, 2024); *Brown v. Google LLC*, 2021 WL 949372, at *5 (N.D. Cal. Mar. 12, 2021).

*Wang* shows that it is appropriate at the motion-to-dismiss stage to take judicial notice of pages on the Wayback Machine's archive. That is why this Court took notice of a page's existence and its contents, as well as the fact that the page was saved by the Internet Archive as it appeared on the indicated date. 2024 WL 3811844, at *5. Similarly, in *Brown v. Google LLC*, the Court took judicial notice of pages on the Wayback Machine, citing *Erickson v. Nebraska Mach. Co.*, 2015 WL 4089849, at *1 n. 1 (N.D. Cal. July 6, 2015), a case with facts similar to the facts here. There, the Court took judicial notice of websites where "Plaintiffs provided copies of current versions of these websites ... but the Internet Archive's Wayback Machine shows that the websites were substantively identical during the relevant timeframe." 2021 WL 949372, at *5; *Erickson*, 2015 WL 4089849, at *1 n. 1; *see also Brown v. Madison Reed, Inc*., 622 F. Supp. 3d 786, 805 (N.D. Cal. 2022), *aff'd*, No. 22-16415, 2023 WL 8613496 (9th Cir. Dec. 13, 2023) (citing *Parziale v. HP, Inc.*, No. 19-CV-05363-EJD, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020)) (granting request for judicial notice of facts that can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned).

For the foregoing reasons, OverDrive, Inc. respectfully requests that this Court take judicial notice of Exhibits A through J.

Dated: June 11, 2025

Respectfully submitted,

*s/ Meegan B. Brooks*
STEPHANIE SHERIDAN (CA 135910)
MEEGAN B. BROOKS (CA 298570)
Benesch, Friedlander, Coplan & Aronoff LLP

Attorneys for Defendant
Overdrive, Inc.